IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>  vs.<br><br>JOSEPH DOUGLAS BEALER,<br><br>         Defendant. | CR. NO. 19-00065 JAO<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR IMMEDIATE RELEASE** |

**ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER
ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION
FOR IMMEDIATE RELEASE**

On December 21, 2020, Defendant Joseph Douglas Bealer ("Defendant")

filed a Motion to Reconsider Order Denying without Prejudice Defendant's

Motion for Immediate Release ("Motion"), ECF No. 66, arguing that conditions at

FCI Sheridan "have meaningfully changed" in the two weeks since the Court's

December 8, 2020 Order, ECF No. 65, was issued.  Defendant relays that as of the

filing of the Motion, the BOP has reported 19 active cases of COVID-19 among

inmates, 10 active cases among staff, 8 inmates having "recovered" from the virus,

and only 13 pending tests.  The Government was given an opportunity to respond.

ECF No. 67.  The Court decides this motion without a hearing pursuant to Local

Rule 7.1(c).  For the following reasons, the Motion is GRANTED.

The Court incorporates the background and discussion from its December 8,

2020 Order.  *See* ECF No. 65 at 1–5.  In sum, Defendant pleaded guilty to an

Information charging him with Possession with Intent to Distribute Heroin, in

violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and Possession of Firearms

and Ammunition while Unlawfully Using and Addicted to a Controlled Substance,

in violation of 18 U.S.C. § 922(g)(3), was sentenced for each count to concurrent

terms of 36 months' incarceration and three years of supervised release, has not

committed any disciplinary violations since voluntarily surrendering to FCI

Sheridan Camp, and is categorized as a minimum risk inmate.  Defendant is

scheduled to be released from FCI Sheridan Camp on December 9, 2021, but

informs the Court that he is eligible for release to a halfway house on June 14,

2021.

Further, pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A) (2018),

the Court determined that the factors outlined in 18 U.S.C. § 3553 weighed in

Defendant's favor, but that Defendant's stated extraordinary and compelling

reasons did not suffice under the Act because although Defendant is overweight,

suffers from COPD, has been a smoker for 30 years, and has arguable

hypertension,[1] "the COVID-19 numbers at FCI Sheridan [were] not significant enough."  ECF No. 65 at 11–13.  The Court invited Defendant to "return to the Court should conditions meaningfully change."  *Id.* at 13.

As of this writing, and as represented in the Motion, FCI Sheridan now has 19 active COVID-19 cases among inmates and 10 active COVID-19 cases among staff.  *See* Federal Bureau of Prisons, https://www.bop.gov/coronavirus (mouse over "FCI Sheridan") (last visited Dec. 22, 2020).  Moreover, according to Defendant, there are only 13 pending COVID-19 tests, ECF No. 66 at 3, despite its population of 1,440 inmates, 344 of whom are at FCI Sheridan Camp.  *See* Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/she (last visited Dec. 22, 2020).  The BOP apparently does not publish the number of cases specific to FCI Sheridan Camp, which is where Defendant is housed, but the Court notes that visiting at the entire facility, including FCI Sheridan Camp, is now suspended until further notice.  *See id.*

Although the Court "cannot predict that FCI Sheridan Camp will remain a relatively safe place for Defendant," it concurs with Defendant that the conditions

---

[1]  *See CDC*, "People with Certain Medical Conditions," https://www.cdc.gov/ coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 22, 2020) ("Adults of any age [with various conditions, such as smoking and COPD] *are* at increased risk of severe illness from the virus that causes COVID-19." (some emphasis omitted)); *id.* ("[Overweight] adults of any age . . . *might* be at an increased risk for severe illness form the virus that causes COVID-19." (some emphasis omitted)).

at FCI Sheridan have "meaningfully changed" such that there exist extraordinary and compelling reasons under 18 U.S.C. § 3582 for Defendant's release.

For the foregoing reasons, Defendant's Motion, ECF No. 66, is GRANTED.

It is FURTHER ORDERED that:

1.      Defendant's sentence of incarceration is reduced to time served plus 14 days.  During the final 14-day period, it is recommended to the Bureau of Prisons that the defendant be quarantined to reduce the possibility that he might be infected and might transmit the COVID-19 virus, especially when traveling to his release residence in Traverse City, Michigan.

2.      Upon his release from custody, Defendant shall commence serving his 3-year term of supervised release as previously imposed; and shall abide by all mandatory, standard, and special conditions as approved and ordered by the Court on September 9, 2019 and filed on September 12, 2019.  *See* ECF No. 49.  In addition, Defendant must abide by the following additional special condition:

> 9. You will be monitored by radio frequency technology for a period of 180 days, and you must follow the rules and regulations of the location monitoring program, pursuant to the Participant's Agreement.  You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as pre-approved by the probation officer.  You shall earn leave as determined by the probation officer.  You must pay the costs of the program, as directed by the probation officer.

3.      Defendant shall report by telephone (808-541-1283) to Timothy

4

Jenkins of the United States Probation Office, District of Hawaii, within 72 hours of his release from Bureau of Prisons custody.  Mr. Jenkins' office will contact the United States Probation Office, Western District of Michigan, concerning supervision of Defendant.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaiʻi, December 22, 2020.

Jill A. Otake
United States District Judge

Cr. No. 19-00065 JAO, *United States v. Joseph Douglas Bealer*; ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR IMMEDIATE RELEASE

5